**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| BOARD OF TRUSTEES OF DISTRICT 1199J NEW JERSEY HEALTH CARE EMPLOYERS PENSION FUND<br>9-25 Alling Street, 4th Floor<br>Newark, NJ 07102 | : : : : : : | Case No. |
| Plaintiff, | : : : | |
| v. | : : | |
| CORNELL HALL CARE & REHABILITATION CENTER LLC<br>234 Chestnut Street<br>Union, NJ 07083<br><br>and/or<br><br>100 McClellen Street<br>Norwood, NJ 07648 | : : : : : : : : : : | |
| Defendant. | : | |

**COMPLAINT**

(TO COLLECT WITHDRAWAL LIABILITY DUE TO PLAINTIFF FUND
UNDER 29 U.S.C. § 1381)

**PARTIES**

1.    Plaintiff, the Board of Trustees of Trustees of the District 1199J New

Jersey Health Care Employers Pension Fund ("Fund") is a multiemployer employee

benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Fund is administered at 9-25 Alling Street, 4th Floor, Newark, NJ 07102.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trustees bring this action for the benefit of the participants and beneficiaries of the Fund.

2.      Defendant Cornell Hall Care & Rehabilitation Center LLC ("Cornell Hall") is a New Jersey limited liability corporation with offices located at 234 Chestnut Street, Union, NJ 07083 and/or 100 McClellen Street, Norwood, NJ 07648. Cornell Hall transacts or transacted business in the State of New Jersey as an operator of a health care facility and, at all times pertinent herein, it was an "employer in an industry affecting commerce" as defined in 29 U.S.C. §§ 142(1), (3) and 152(2); 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and 29 U.S.C. § 1001a.

## JURISDICTION

3.      This is an action to collect withdrawal liability payments and other amounts due to an employee benefit plan under the terms of the plan and ERISA. This Court has jurisdiction of this action under ERISA §§ 4301(c), 502(e)(1), 515; 29 U.S.C. §§ 1451(c), 1132(e)(1), 1145; and 28 U.S.C. § 1367.

## VENUE

2

4.      Venue is proper in this district pursuant to ERISA §§ 4301(d), 502(e)(2); 29 U.S.C. §§ 1451(d) and 1132(e)(2) because the Defendant is headquartered and operates within in this district.

## FACTS

5.      Until on or about March 31, 2025, Cornell Hall was obligated to contribute to the Fund under the terms of a collective bargaining agreement between Cornell Hall and District 1199J, National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO ("Collective Bargaining Agreement"), and as required by, *inter alia*, the Trust Agreement and ERISA § 515, 29 U.S.C. § 1145.

6.      Pursuant to the Collective Bargaining Agreement, Cornell Hall agreed to pay certain sums of money to the Fund for each hour worked by its employees that were covered by the Collective Bargaining Agreement.

7.      Pursuant to ERISA § 4203(a), 29 U.S.C. § 1383(a), an employer such as Cornell Hall has a "complete withdrawal" from a plan if it (i) permanently ceases to have an obligation to contribute under the plan, or (ii) permanently ceases all covered operations under the plan.

8.      Cornell Hall ceased its obligation to contribute to the Fund and/or permanently ceased all covered operations when it sold its assets to a successor employer on or about March 31, 2025. This occurred during the Fund's plan year ending December 31, 2025. As a result, Cornell Hall experienced a complete

withdrawal from the Pension Plan as that term is defined in ERISA § 4203(a), 29 U.S.C. § 1383(a).

9.    As a result of its complete withdrawal, Cornell Hall is obligated to pay withdrawal liability to the Pension Plan, as required by, *inter alia*, ERISA § 4201(a), 29 U.S.C. § 1381(a).

10.    The Fund maintains a plan of benefits entitled the District 1199J – New Jersey Health Care Employers Pension Plan ("Plan Document"), which sets forth, among other things, the bases upon which a participant becomes entitled to a pension from the plan, the forms of retirement benefits provided under the plan, and certain rules governing the conduct of contributing employers. Article 10.4 of the Plan Document provides that the Trustees shall adopt procedures and rules ("Rules and Regulations") for the determination and collection of withdrawal liability pursuant to the Multi-Employer Pension Plan Amendments Act. The Rules and Regulations adopted by the Trustees govern the determination and assessment of withdrawal liability under the Fund. Pursuant to the Fund's Rules and Regulations and ERISA § 4201(a), 29 U.S.C. § 1381(a), a participating employer who withdraws from the pension plan in a complete or partial withdrawal must pay withdrawal liability to the Fund.

11.    Pursuant to Section 5.5 of the Fund's Rules and Regulations and ERISA § 4219(b)(1), 29 U.S.C. § 1399(b)(1), on April 10, 2025, the Fund sent a letter to

Cornell Hall notifying it that Cornell Hall had withdrawn from the Fund within the meaning of ERISA § 4203(b), 29 U.S.C. § 1383(b), and was subject to withdrawal liability in the total amount of $2,700,000 ("Withdrawal Liability").  The notice to Cornell Hall constituted notice to all members of its controlled group. *See IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc.*, 788 F.2d 118, 127 (3d Cir. 1986).

12.    In the April 10, 2025, letter, the Fund demanded payment of the withdrawal liability and provided a payment schedule pursuant to ERISA § 4219(c), 29 U.S.C. § 1399(c) comprised of eighty quarterly installments of $45,937. The first quarterly payment was due by no later than sixty (60) days after Cornell Hall received the April 10 letter, or on or about June 9, 2025.

13.    Cornell Hall did not submit a payment by June 9, 2025, and has made no payments to date.  More than sixty (60) days have elapsed since the ninety (90) day deadline provided in the April 10 letter.  29 C.F.R. § 4219.31(c)(1). Cornell Hall's failure to make payment of its withdrawal liability as required by the payment schedule, combined with its failure to cure within sixty (60) days after the deadline provided in the notice, constitutes a default, which authorizes the Fund to demand payment of the entire outstanding withdrawal liability. *See* ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5).  Thus, Cornell Hall is in default and the Fund is entitled to file this action and seek immediate payment of Cornell Hall's outstanding withdrawal

liability, plus accrued interest from the due date of the first payment that was not timely made, plus any other damages recoverable under ERISA.

14.    Pursuant to Section 5.5 of the Fund's Rules and Regulations, Cornell Hall is in default pursuant to another separate and additional basis. Namely, Section 5.5(b) provides that the Trustees may declare an employer such as Cornell Hall in default if, in their discretion, they deem the Fund insecure as a result of certain conduct of the Employer. The Trustees have deemed the Fund insecure due to the actions of Cornell Hall. Thus, the Plaintiff is entitled to file this action and seek immediate payment of Cornell Hall's outstanding withdrawal liability (in addition to other amounts owed) on this basis as well.

15.    Cornell Hall did not request review of the withdrawal liability assessment, nor did it initiate arbitration, and the deadline for doing so has passed. Cornell Hall has therefore waived all defenses, and the total outstanding withdrawal liability as assessed is due and owing. *See* ERISA §§ 4219(b)(2), 4221(b)(1); 29 U.S.C. §§ 1399(b)(2), 1401(b)(1).

16.    Pursuant to ERISA § 4301(b), 29 U.S.C. § 1451(b), the unpaid withdrawal liability shall be treated in the same manner as a delinquent contribution within the meaning of ERISA § 515, 29 U.S.C. § 1145, meaning that, in addition to the outstanding withdrawal liability, the employer is also liable for interest, liquidated damages, costs and attorneys' fees pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

6

17.    The Plan Document and Rules and Regulations provide that, if an employer is delinquent in making its required contributions, the employer will be required to pay interest at an annualized rate equal to two percent (2%) plus the prime interest rate established by the Fund's custodial bank. The Fund's Rules and Regulations further provide that any judgement against an employer for withdrawal liability payments owed to the Fund shall include the greater of: (a) a doubling of interest computed and charged in accordance with the Plan Document and Rules and Regulations, or (b) single interest computed and charged in accordance with the Plan Document and Rules and Regulations plus liquidated damages in the amount of 20% of the unpaid withdrawal liability payments.

**COUNT I:**
**CLAIM FOR THE OUTSTANDING WITHDRAWAL LIABILITY**
**(29 U.S.C. § 1399(c)(5))**

18.    Plaintiff realleges and incorporates Paragraphs 1 through 17 as if set forth fully herein.

19.    Defendants are liable for the full amount of the outstanding withdrawal liability due and owing to the Fund in accordance with ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5). The amount of that outstanding withdrawal liability is $2,700,000.

20.    In accordance with the terms of the Fund, its Restated Agreement and Declaration of Trust, and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and ERISA § 4301(b), 29 U.S.C. § 1451(b), Cornell Hall is obligated to pay liquidated damages and interest on the overdue payments at the rate provided for in the Plan

Document and Rules and Regulations, as well as the Fund's reasonable attorneys' fees, and the costs of the action.

**WHEREFORE**, the Plaintiff prays judgment on Count I as follows:

A.    in the amount of $2,700,000, representing the full withdrawal liability amount assessed, which is due and owing upon a default under ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5);

C.    interest on that amount calculated at the rate provided for in the Plan Document and Rules and Regulations from the June 9, 2025, due date of the first unpaid interim payment through the date of payment, under ERISA §§ 4301(b) and 502(g)(2)(B); 29 U.S.C. §§ 1451(b) and 1132(g);

B.    liquidated damages calculated pursuant to the Fund's Rules and Regulations, under ERISA §§ 4301(b) and 502(g)(2)(C); 29 §§ U.S.C. 1451(b) and 1132(g)(2)(D), and the Fund's Restated Agreement and Declaration of Trust;

D.    in the amount of $405.00 representing the cost of filing this action, under ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(G)(2)(D), and the Fund's Restated Agreement and Declaration of Trust;

E.    in the amount incurred by the Fund for its reasonable attorneys' fees and costs of this action, pursuant to ERISA §§ 4301(b) and 502(g)(2)(D); 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D), and the Fund's Restated Agreement and Declaration of Trust; and

F.      Such other legal or equitable relief as the Court deems appropriate.

                                        Respectfully submitted,

Dated: <u>December 2, 2025</u>              **O'DONOGHUE & O'DONOGHUE LLP**
                                        325 Chestnut Street
                                        Suite 600
                                        Philadelphia, PA 19106
                                        Telephone: (215) 629-4970
                                        Facsimile: (215) 629-4996
                                        kbichner@odonoghuelaw.com


                        By:     /s/ Kathleen Bichner
                                Kathleen Bichner (Bar No. 162372016)
                                *Attorneys for the Plaintiff*

9

## CERTIFICATE OF SERVICE

I hereby certify this 2nd day of December 2025 that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC:TEGE
> Internal Revenue Service
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
> Attention:  Assistant Solicitor for
>            Plan Benefits Security
>
> Pension Benefit Guaranty Corporation
> 1201 K Street, NW
> Washington, DC 20005-4026
> Attention: MEPD Insurance Programs Department

/s/ Kathleen Bichner
Kathleen Bichner

10